UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ROXANNE LAFOUNTAIN,

    Plaintiff,                                   Hon. Ellen S. Carmody

v.                                                  Case No. 1:16-CV-1021

COMMISSIONER OF SOCIAL
SECURITY,

    Defendant.
_____/

## **OPINION**

        This is an action pursuant to Section 205(g) of the Social Security Act, 42 U.S.C. § 405(g), to review a final decision of the Commissioner of Social Security denying Plaintiff's claim for Disability Insurance Benefits (DIB) under Title II of the Social Security Act. The parties subsequently agreed to proceed in this Court for all further proceedings, including an order of final judgment. (ECF No. 11). Section 405(g) limits the Court to a review of the administrative record and provides that if the Commissioner's decision is supported by substantial evidence it shall be conclusive. The Commissioner has found that Plaintiff is not disabled within the meaning of the Act. For the reasons articulated herein, the Commissioner's decision is **vacated and this matter remanded for further factual findings pursuant to sentence four of 42 U.S.C. § 405(g)**.

## **STANDARD OF REVIEW**

The Court's jurisdiction is confined to a review of the Commissioner's decision and of the record made in the administrative hearing process. *See Willbanks v. Sec'y of Health and Human Services*, 847 F.2d 301, 303 (6th Cir. 1988). The scope of judicial review in a social security case is limited to determining whether the Commissioner applied the proper legal standards in making her decision and whether there exists in the record substantial evidence supporting that decision. *See Brainard v. Sec'y of Health and Human Services*, 889 F.2d 679, 681 (6th Cir. 1989).

The Court may not conduct a de novo review of the case, resolve evidentiary conflicts, or decide questions of credibility. *See Garner v. Heckler*, 745 F.2d 383, 387 (6th Cir. 1984). It is the Commissioner who is charged with finding the facts relevant to an application for disability benefits, and her findings are conclusive provided they are supported by substantial evidence. *See* 42 U.S.C. § 405(g). Substantial evidence is more than a scintilla, but less than a preponderance. *See Cohen v. Sec'y of Dep't of Health and Human Services*, 964 F.2d 524, 528 (6th Cir. 1992) (citations omitted). It is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *See Richardson v. Perales*, 402 U.S. 389, 401 (1971); *Bogle v. Sullivan*, 998 F.2d 342, 347 (6th Cir. 1993). In determining the substantiality of the evidence, the Court must consider the evidence on the record as a whole and take into account whatever in the record fairly detracts from its weight. *See Richardson v. Sec'y of Health and Human Services*, 735 F.2d 962, 963 (6th Cir. 1984).

As has been widely recognized, the substantial evidence standard presupposes the existence of a zone within which the decision maker can properly rule either way, without judicial interference. *See Mullen v. Bowen*, 800 F.2d 535, 545 (6th Cir. 1986) (citation omitted). This

standard affords to the administrative decision maker considerable latitude, and indicates that a decision supported by substantial evidence will not be reversed simply because the evidence would have supported a contrary decision. *See Bogle*, 998 F.2d at 347; *Mullen*, 800 F.2d at 545.

## PROCEDURAL POSTURE

Plaintiff was 50 years of age on her alleged disability onset date. (PageID.190). She possesses a ninth-grade education and worked previously as a furniture assembler and panel maker. (PageID.57, 239). Plaintiff applied for benefits on January 15, 2014, alleging that she had been disabled since March 15, 2013, due to a back injury, nerve damage, and lower back arthritis. (PageID.190-92, 238). Plaintiff's application was denied, after which time she requested a hearing before an Administrative Law Judge (ALJ). (PageID.63-188). On May 5, 2015, Plaintiff appeared before ALJ Richard Guida with testimony being offered by Plaintiff and a vocational expert. (PageID.43-61). In a written decision dated May 20, 2015, the ALJ determined that Plaintiff was not disabled. (PageID.78-84). The Appeals Council declined to review the ALJ's decision, rendering it the Commissioner's final decision in the matter. (PageID.28-32). Plaintiff subsequently initiated this pursuant to 42 U.S.C. § 405(g), seeking judicial review of the ALJ's decision.

**ANALYSIS OF THE ALJ'S DECISION**

The social security regulations articulate a five-step sequential process for evaluating disability. *See* 20 C.F.R. §§ 404.1520(a-f), 416.920(a-f).[1] If the Commissioner can make a dispositive finding at any point in the review, no further finding is required. *See* 20 C.F.R. §§ 404.1520(a), 416.920(a). The regulations also provide that if a claimant suffers from a nonexertional impairment as well as an exertional impairment, both are considered in determining her residual functional capacity. *See* 20 C.F.R. §§ 404.1545, 416.945.

The burden of establishing the right to benefits rests squarely on Plaintiff's shoulders, and she can satisfy her burden by demonstrating that her impairments are so severe that she is unable to perform her previous work, and cannot, considering her age, education, and work experience, perform any other substantial gainful employment existing in significant numbers in the national economy. *See* 42 U.S.C. § 423(d)(2)(A); *Cohen*, 964 F.2d at 528. While the burden of proof shifts to the Commissioner at step five of the sequential evaluation process, Plaintiff bears the burden of proof through step four of the procedure, the point at which her residual functioning capacity (RFC) is determined. *See Bowen v. Yuckert*, 482 U.S. 137, 146 n.5 (1987); *Walters v. Comm'r of Soc. Sec.*,

---

[1] 1. An individual who is working and engaging in substantial gainful activity will not be found to be "disabled" regardless of medical findings (20 C.F.R. §§ 404.1520(b), 416.920(b));

2. An individual who does not have a "severe impairment" will not be found "disabled" (20 C.F.R. §§ 404.1520(c), 416.920(c));

3. If an individual is not working and is suffering from a severe impairment which meets the duration requirement and which "meets or equals" a listed impairment in Appendix 1 of Subpart P of Regulations No. 4, a finding of "disabled" will be made without consideration of vocational factors. (20 C.F.R. §§ 404.1520(d), 416.920(d));

4. If an individual is capable of performing her past relevant work, a finding of "not disabled" must be made (20 C.F.R. §§ 404.1520(e), 416.920(e));

5. If an individual's impairment is so severe as to preclude the performance of past work, other factors including age, education, past work experience, and residual functional capacity must be considered to determine if other work can be performed (20 C.F.R. §§ 404.1520(f), 416.920(f)).

127 F.3d 525, 528 (6th Cir. 1997) (ALJ determines RFC at step four, at which point claimant bears the burden of proof).

The ALJ determined that Plaintiff suffers from degenerative disc disease, a severe impairment that whether considered alone or in combination with other impairments, failed to satisfy the requirements of any impairment identified in the Listing of Impairments detailed in 20 C.F.R., Part 404, Subpart P, Appendix 1. (PageID.80-81). With respect to Plaintiff's residual functional capacity, the ALJ found that Plaintiff retained the ability to perform light work subject to the following limitations: (1) she can frequently balance and crawl; and (2) she can occasionally stoop, kneel, crouch, and climb ramps and stairs. (PageID.81). Based on the testimony of a vocational expert, the ALJ concluded that Plaintiff was able to perform her past relevant work as a panel maker. Accordingly, the ALJ determined that Plaintiff was not entitled to benefits.

**I.           The ALJ's Credibility Assessment is not Supported by Substantial Evidence**

At the administrative hearing, Plaintiff testified that she was far more limited than the ALJ determined in his RFC assessment. (PageID.45-57). Plaintiff also submitted a function report that likewise indicated that she was far more limited than the ALJ recognized. (PageID.246-53). The ALJ, however, found Plaintiff to be "not entirely credible." (PageID.81). Plaintiff argues that she is entitled to relief because the ALJ's rationale for discounting her testimony and subjective allegations is not supported by substantial evidence. The Court agrees.

As the Sixth Circuit has long recognized, "pain alone, if the result of a medical impairment, *may* be severe enough to constitute disability." *King v. Heckler*, 742 F.2d 968, 974 (6th Cir. 1984) (emphasis added); *see also*, *Grecol v. Halter*, 46 Fed. Appx. 773, 775 (6th Cir., Aug. 29,

5

2002) (same). As the relevant Social Security regulations make clear, however, a claimant's "statements about [his] pain or other symptoms will not alone establish that [he is] disabled." 20 C.F.R. § 404.1529(a); *see also*, *Walters v. Commissioner of Social Security*, 127 F.3d 525, 531 (6th Cir. 1997) (quoting 20 C.F.R. § 404.1529(a)) *Hash v. Commissioner of Social Security*, 309 Fed. Appx. 981, 989 (6th Cir., Feb. 10, 2009). Instead, as the Sixth Circuit has established, a claimant's assertions of disabling pain and limitation are evaluated pursuant to the following standard:

> First, we examine whether there is objective medical evidence of an underlying medical condition. If there is, we then examine: (1) whether objective medical evidence confirms the severity of the alleged pain arising from the condition; or (2) whether the objectively established medical condition is of such a severity that it can reasonably be expected to produce the alleged disabling pain.

*Walters*, 127 F.3d at 531 (citations omitted). This standard is often referred to as the *Duncan* standard. *See Workman v. Commissioner of Social Security*, 105 Fed. Appx. 794, 801 (6th Cir., July 29, 2004).

Accordingly, as the Sixth Circuit has repeatedly held, "subjective complaints may support a finding of disability only where objective medical evidence confirms the severity of the alleged symptoms." *Id.* (citing *Blankenship v. Bowen*, 874 F.2d 1116, 1123 (6th Cir. 1989)). However, where the objective medical evidence fails to confirm the severity of a claimant's subjective allegations, the ALJ "has the power and discretion to weigh all of the evidence and to resolve the significant conflicts in the administrative record." *Workman*, 105 Fed. Appx. at 801 (citing *Walters*, 127 F.3d at 531).

In this respect, it is recognized that the ALJ's credibility assessment "must be accorded great weight and deference." *Workman*, 105 Fed. Appx. at 801 (citing *Walters*, 127 F.3d at 531); *see also*, *Heston v. Commissioner of Social Security*, 245 F.3d 528, 536 (6th Cir. 2001) ("[i]t

6

is for the [Commissioner] and his examiner, as the fact-finders, to pass upon the credibility of the witnesses and weigh and evaluate their testimony"). It is not for this Court to reevaluate such evidence anew, and so long as the ALJ's determination is supported by substantial evidence, it must stand. The ALJ found Plaintiff's subjective allegations to not be fully credible, a finding that should not be lightly disregarded. *See Varley v. Sec'y of Health and Human Services*, 820 F.2d 777, 780 (6th Cir. 1987). As the Sixth Circuit has stated, "[w]e have held that an administrative law judge's credibility findings are virtually unchallengeable." *Ritchie v. Commissioner of Social Security*, 540 Fed. Appx. 508, 511 (6th Cir., Oct. 4, 2013) (citation omitted).

Nevertheless, the ALJ is not permitted to make credibility determinations based upon "an intangible or intuitive notion about an individual's credibility." *Rogers v. Commissioner of Social Security*, 486 F.3d 234, 247 (6th Cir. 2007). Instead, the ALJ's rationale for discrediting a claimant's testimony "must be sufficiently specific to make clear to the individual and to any subsequent reviewers the weight the adjudicator gave to the individual's statements and the reasons for that weight." *Id.* at 248. Accordingly, "blanket assertions that the claimant is not believable will not pass muster, nor will explanations as to credibility which are not consistent with the entire record and the weight of the relevant evidence." *Id.*

In support of his decision to discount Plaintiff's credibility, the ALJ stated in conclusory fashion that Plaintiff's statements "are not entirely credible for the reasons explained in this decision." (PageID.81). A review of the ALJ's decision, however, fails to illuminate "the reasons" upon which his credibility assessment is based. The ALJ very briefly discussed certain select portions of the medical record, but failed to articulate *if* this medical evidence formed the basis

7

for his credibility decision or *how* such evidence supported his credibility assessment. (PageID.81-82). The ALJ concluded his analysis with the following circular and unilluminating observation:

> At the hearing, the claimant's testimony and demeanor were observed, and the residual functional capacity reflects, in combination with the other evidence, the credibility impression created by the claimant's testimony and demeanor.

(PageID.82).

Defendant's attempts to articulate post hoc justifications for the ALJ's credibility determination are not well taken, as the Court is limited to reviewing the ALJ's rationale and determining if such is supported by substantial evidence. In this case, however, the Court cannot perform this task because the Court simply cannot discern the ALJ's rationale for discounting Plaintiff's credibility. Accordingly, the Court finds that the ALJ's decision is not supported by substantial evidence.

## II.     Remand is Appropriate

While the Court finds that the ALJ's decision fails to comply with the relevant legal standards, Plaintiff can be awarded benefits only if "all essential factual issues have been resolved" and "the record adequately establishes [her] entitlement to benefits." *Faucher v. Secretary of Health and Human Serv's*, 17 F.3d 171, 176 (6th Cir. 1994); *see also, Brooks v. Commissioner of Social Security*, 531 Fed. Appx. 636, 644 (6th Cir., Aug. 6, 2013). This latter requirement is satisfied "where the proof of disability is overwhelming or where proof of disability is strong and evidence to the contrary is lacking." *Faucher*, 17 F.3d at 176; *see also*, *Brooks*, 531 Fed. Appx. at 644. Evaluation of Plaintiff's claim requires the resolution of certain factual disputes which this Court is neither competent nor authorized to undertake in the first instance. Moreover, there does not exist

compelling evidence that Plaintiff is disabled. Accordingly, this matter must be remanded for further administrative action.

## **CONCLUSION**

For the reasons articulated herein, the Court concludes that the ALJ's decision is not supported by substantial evidence. Accordingly, the Commissioner's decision is **vacated and the matter remanded for further factual findings pursuant to sentence four of 42 U.S.C. § 405(g)**. A judgment consistent with this opinion will enter.


Date: June 13, 2017                                    /s/ Ellen S. Carmody
                                                                                   ELLEN S. CARMODY
                                                                                   United States Magistrate Judge

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION


ROXANNE LAFOUNTAIN,

    Plaintiff,

v.

COMMISSIONER OF
SOCIAL SECURITY,

    Defendant.
_____/

Hon. Ellen S. Carmody

Case No. 1:16-cv-1021

## JUDGMENT

In accordance with the Opinion entered this date:

**IT IS HEREBY ORDERED** that the Commissioner's decision is **VACATED and this matter remanded for further factual findings pursuant to sentence four of 42 U.S.C. § 405(g)**.


Date: June 13, 2017

    /s/ Ellen S. Carmody
    ELLEN S. CARMODY
    United States Magistrate Judge